# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES RODNEY SHUMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-298 |
| | ) | CR415-093 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted as a felon-in-possession of a firearm, James Shuman was given an enhanced sentence of 210 months' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *See* docs. 1[1] (indictment); 29 (plea agreement); 34 (judgment for 210 months' imprisonment). Invoking 28 U.S.C. § 2255, he seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize the 210-month enhanced sentence[2] he

---

[1] The Court is citing to the criminal docket in CR415-093 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] The enhancement was based upon Shuman's three prior convictions for drug offenses, to wit: two convictions for sale of oxycodone and one conviction for conspiracy with intent to distribute cocaine. PSR ¶¶ 23, 28, 30; *see also* doc. 41-1.

received for possession of a firearm as a career felon. Docs. 38 & 42. In his 28 U.S.C. § 2255 motion, Shuman argues that his prior convictions for serious drug offenses no longer qualify as ACCA-predicates. Docs. 38, 40 & 42. The Government opposes. Doc. 41.

I. The *Johnson* Decision

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The *Johnson* decision held that that the "residual clause" of the ACCA, which provided a nebulous catchall for "violent felonies," was unconstitutionally vague. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" as defined by ACCA provisions other than the residual clause. *See, e.g.*, *Johnson*, 135 S. Ct.

at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015).

## II. ANALYSIS

Assuming that Shuman's claim is not barred by his plea agreement's collateral attack waiver, *see* doc. 29 at 6 & 9; *United States v. Benitez-Zapata*, 131 F.3d 144, 1446, or procedurally defaulted because he failed to make it on direct appeal, *see United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005), his claim is nonetheless meritless.

Because the *Johnson* decision only invalidated the residual clause of the ACCA, serious drug offenses remain ACCA predicates. *See In re Williams*, 826 F.3d 1351, 1356 (2016) (prior convictions for a "felony drug offense" are "not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony."). A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . for which a

3

maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Shuman disputes that his ACCA-enhanced sentence survives *Johnson*. Docs. 38 & 40. He contends that his three prior convictions for the "sale or selling" of a Schedule II controlled substance does not meet the ACCA definition of a serious drug offense. Doc. 40 at 1 & 7.

Shuman was convicted under O.C.G.A. § 16-13-30(b) for sales of oxycodone, a Georgia Schedule II controlled substance. PSR at ¶ 30; doc. 41-1 (superior court's final disposition of conviction); *see* O.C.G.A. §§ 16-13-30(b),(d) (version in effect from 1990-2012) (making it "unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance" and making such a violation "with respect to a controlled substance in Schedule I or narcotic drugs in Schedule II" punishable "by imprisonment for not less than five years nor more than 30 years" on the first offense); O.C.G.A § 16-13-26 (list of Schedule II controlled substances).

Movant's two convictions for sale of oxycodone under Georgia law match the § 924(e) definition because: (1) they were state law crimes,

4

(2) punishable by up to thirty years at the time he was convicted, (3) selling is a form of distributing,[3] and (3) oxycodone is a controlled substance. *United States v. Johnson*, 570 F. App'x 852, 857 (11th Cir. 2014); *United States v. Alexis*, 603 F. App'x 466, 468 (6th Cir. 2015) (trafficking oxycodone is a "serious drug offense" within the meaning of § 924(e) so Alexis' three convictions for sales of oxycodone triggered ACCA-enhancement). These offenses clearly remain qualifying "serious drug offenses" for ACCA sentence-enhancing purposes. That's two.

Movant was also convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 801. PSR at ¶ 28; *see* CR488-026 at docs. 101 & 102 (guilty plea) & 106 (judgment for 40 months' imprisonment). Shuman concedes that this conviction sticks post-*Johnson*, doc. 40 at 2; *Best Canvas Prods. & Supplies, Inc. v. Ploof*,

---

[3] Movant's argument that his convictions "for sale" of oxycodone fail to meet the ACCA definition because they do not include a charge of "distribution" (doc. 40 at 3-14; doc. 42 at 3-8) is without merit. There is no requirement for a serious drug offense to include a distribution charge under the ACCA. *United States v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005); 18 U.S.C. § 924(e)(2)(A)(ii). *See United States v. White*, 837 F.3d 1225, 1233 (11th Cir. 2016) (holding there is no requirement that the language of the statute "exactly match the specific acts listed in the ACCA definition") (citing, *inter alia*, with approval, *United States v. Whindleton*, 797 F.3d 105, 110-11 (1st Cir. 2015) (an offer to sell drugs is sufficiently related to distribution to qualify as a serious drug offense, even if the defendant never possessed the drugs and the offer was not accepted) and *United States v. Bynum*, 669 F.3d 880, 886 (8th Cir. 2012) (same)).

5

713 F.2d 618, 621 (11th Cir. 1983) (parties are bound by the admissions in their pleadings), and for good reason: a federal drug conspiracy to distribute cocaine is undoubtedly a serious drug offense within the meaning of the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(i). And that's three ACCA-enhancing predicate offenses.

## III. CONCLUSION

Shuman thus has passed the ACCA three-conviction threshold for enhancement as an armed career criminal. Because his prior convictions remain predicate offenses triggering an ACCA enhancement, *see* 18 U.S.C. §§ 924(e)(1) & (2)(B), *Johnson* has no impact on the validity of his sentence. Accordingly, James Shuman's § 2255 motion should be **DENIED** on the merits.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the

Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __11th__ day of January, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA